IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| William Splawn, | ) | C/A No.: 2:07-0047-JFA-RSC |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | O R D E R |
| | ) | |
| A.J. Padula, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, William Splawn, initiated this action pursuant to 28 U.S.C. § 2254 seeking relief from his state criminal conviction for voluntary manslaughter and unlawful possession of a firearm. Specifically, petitioner alleges that his trial counsel was ineffective because he failed to subpoena a toxicologist witness at trial and counsel failed to take a direct appeal of his state conviction.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests that the respondent's motion for summary judgment[2] be granted. The Report sets forth in detail the relevant facts and standards of law

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, and he has done so in a seven-page objection memorandum.[3] In his objections, the petitioner discusses only his first ground of alleged ineffective assistance of counsel (failure to call a witness), and apparently abandons his second ground of alleged error (failure to take a direct appeal). The court will address these objections herein.

### RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

In his motion for summary judgment, the respondent concedes that petitioner has exhausted his available state remedies as required under 28 U.S.C. § 2254(b)(1)(A). Essentially, the respondent asserts that petitioner is not entitled to relief on either ground because the facts of record fully and fairly support the PCR judge's decision. The respondent also contends that the petitioner cannot carry his burden to show that the state court incorrectly applied the relevant federal precedent, improperly decided the facts, or that he was prejudiced by the alleged error of counsel.

### STANDARD OF REVIEW

The standard governing a federal court's review of state habeas claims under 28 U.S.C. § 2254 is as follows:

> An application for a writ of habeas corpus on behalf of a person

---

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

2

> in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has further interpreted these provisions to require that federal courts "accord considerable deference in their review of state habeas proceedings." *Lovitt v. True*, 403 F.3d 171, 178 (4th Cir. 2005), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). In other words, so long as the state court applies the correct legal rule from Supreme Court cases, the state court decision can not be deemed contrary to Supreme Court precedent. In addition, a determination of a factual issue made by a State court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Finally, even if an error is identified, the error must have had a substantial and injurious effect or influence on the resulting conviction.

## BACKGROUND

The petitioner was convicted by a jury of voluntary manslaughter and pled guilty to unlawful possession of a firearm. He was sentenced to five years on the weapons charge and twenty years for voluntary manslaughter, with the sentences to run concurrent.

At the state trial on the manslaughter charge, the evidence showed that the victim and the petitioner knew each other, and that a few days prior to the shooting, the victim had sold

several home-improvement store gift cards (which the petitioner later learned were worthless) to the petitioner for cash. According to the trial testimony, the victim subsequently came to the petitioner's door to sell some more gift cards, pushed his way into the petitioner's home, demanded money, and threatened to kill the petitioner. The petitioner then fatally shot the victim. At trial, the petitioner claimed he acted in self-defense.

PETITIONER'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

GROUND ONE:  COUNSEL'S FAILURE TO SUBPOENA A WITNESS

The petitioner's first ground alleges ineffective assistance of counsel for failure of counsel to subpoena a witness. At trial, petitioner's trial attorney attempted to offer the victim's blood toxicology report from the South Carolina Law Enforcement Division ("SLED"). The petitioner contends the testimony would have shown that the victim was under the influence of cocaine when he came to the petitioner's house. The petitioner sought to proffer this evidence to show that because the victim was under the influence of cocaine, the victim was violently aggressive and illogical, and thus the petitioner had to defend himself from the victim.

However, the judge excluded the evidence at trial because there was not an expert present to testify as to the scientific results of the toxicology report. The judge also excluded the report because the Coroner's office witness could not prove a proper chain of custody of the victim's blood.

At the hearing on petitioner's application for post-conviction relief ("PCR"), trial counsel explained that his failure to subpoena the SLED toxicology specialist was because

4

the analyst, Dr. Hughey, was listed on the State's witness list, and counsel reasonably believed that Dr. Hughey would be at the trial. The evidence at trial did, however, disclose that the victim had a crack cocaine pipe on his person at the time of the shooting.

Petitioner vigorously argued at the PCR hearing that admission of the SLED toxicology report would have buttressed his claim of self-defense. At first glance, this argument appears to have a degree of merit. The testimony given at the state PCR hearing by forensic toxicology specialist, Dr. Hughey, however, undercuts the petitioner's argument.

At the PCR hearing, Dr. Hughey testified that the victim's blood sample tested "positive for cocaine metabolites, Benzoylecgonine." Dr. Hughey further testified that there was no "parent cocaine" in the sample, and that a body stops the metabolizing test at death. He further explained:

> . . . for a person to be under the influence of cocaine, you actually have to have parent cocaine in the bloodstream reaching the brain tissue. If you only see the inactive metabolite, then, as a pharmacologist, I can only conclude that this individual was exposed to cocaine at some point.
> However, because I do not see any parent cocaine, and I cannot compare that to the ratio of parent versus metabolite, I have no ability to actually give you a definitive time point as far as impairment or when this substance was introduced into the body."

(PCR App. p. 517, line 22 - p. 518, line 7).

The PCR judge thoroughly examined Dr. Hughey's post-trial testimony and found that the allegation that trial counsel was ineffective for failing to call Dr. Hughey as a witness was without merit. The state judge pointed out that the issue of crack cocaine usage by the victim was put into the case when the crack cocaine pipe was admitted into the record, and that trial

5

counsel's representation did not fall below the standard of professional reasonableness for a criminal defense attorney for failure to call Hughey as a witness.

The state judge also concluded that the testimony and report would not have added anything to the defense and, for that reason, concluded that petitioner had failed to carry his burden to show a reasonable probability that the outcome of the trial would have been different, but for trial counsel's alleged deficient representation.

On this record, the Magistrate Judge joins the PCR judge's conclusion that the petitioner did not carry his burden of showing ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, in addition to showing ineffective representation, the petitioner must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

The Magistrate Judge suggests that the state PCR judge's findings did not result in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court. He also concludes that the decision of the state court was not contrary to, nor an unreasonable application of, clearly established federal law. He therefore opines that the petitioner is not entitled to relief on this ground.

In his objections, the petitioner essentially repeats the same arguments he presented in his petition with regard to the failure of counsel to call the SLED forensic toxicologist to testify as to the effects of cocaine in the victim's blood. The petitioner even goes so far as

6

to suggest that "the PCR Judge and the Magistrate Judge have entered a realm of clairvoyance in their supposed faculty of perceiving what the jury would not have changed in their final determination."

### GROUND TWO: FAILURE OF TRIAL COUNSEL TO FILE AN APPEAL

In his second ground alleging ineffective assistance of counsel, the petitioner contends that counsel failed to secure a direct appeal of his state conviction. However, as the respondent asserts, and the Magistrate Judge agrees, the Supreme Court of South Carolina granted petitioner's PCR application on this issue which gave petitioner an adequate substitute for a direct appeal.

In his objections to the Magistrate's Report, the petitioner appears to have abandoned this issue and provides no specific objection to the Magistrate's recommendation.

In sum, the petitioner's objections merely reiterate arguments that were presented to an rejected by the Magistrate Judge. Finding no merit to any of the objections, the court must overrule them and adopt the Report and Recommendation.

### CONCLUSION

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the respondent's motion for summary judgment is granted and this

action is dismissed with prejudice.

    IT IS SO ORDERED.

                                              Joseph F. Anderson, Jr.

January 28, 2008                                United States District Judge
Columbia, South Carolina

8